UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMANTO LIM, | No. 10-73506 |
| Petitioner, | Agency No. A099-885-973 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | ORDER |
| Respondent. | |

Before:    LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

The full court has been advised of Lim's petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 35.

The memorandum disposition filed on September 26, 2012, is withdrawn. An amended memorandum disposition is being filed concurrently with this order.

With this amendment, Lim's petition for rehearing en banc is denied.

Any additional petition for rehearing shall be filed within 45 days from the date the amended memorandum disposition is filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMANTO LIM,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73506<br><br>Agency No. A099-885-973<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2012[**]

Before:     LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

Hermanto Lim, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order ("BIA") dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the cumulative effect of the harms experienced by Lim, including several physical altercations in his youth, fear during anti-Chinese riots, an altercation with a police officer, minor extortion, and intimidation at his family's home, do not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents suffered by ethnic Chinese petitioner in Indonesia, considered in the aggregate, did not amount to persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and beating unconnected with any particular threat did not compel finding that ethnic Albanian suffered past persecution in Kosovo). Substantial evidence also supports the agency's findings that Lim failed to establish sufficient individualized risk of harm under a disfavored group analysis to establish a well-founded fear of persecution, *see Halim*, 590 F.3d at 977-80, and that he failed to establish a pattern or practice of persecution against ethnic Chinese

in Indonesia, *see Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc). Accordingly, Lim's asylum claim fails.

Because Lim failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Further, substantial evidence supports the agency's denial of CAT relief because Lim failed to show it is more likely than not that he will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Finally, Lim's contention that the BIA violated his due process rights by failing to remand for the IJ to consider the country reports fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We reject Lim's argument that the BIA violated his due process rights by failing to address his arguments, because the BIA addressed the arguments he raised. *See id*. Finally, we lack jurisdiction to consider Lim's additional due process contentions regarding alleged problems by the IJ because he did not exhaust them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**